IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE E. BOYD,
18498-044

       Petitioner,

v.                                                12-cv-733-DRH

JAMES CROSS, JR., Warden,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Petitioner Willie E. Boyd, currently incarcerated at the Federal Correctional Institution, Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement, asserting that he is entitled to habeas relief because there has been a subsequent change in the law. He claims that 2008 and 2009 Supreme Court rulings change whether his prior convictions for a 1967 armed robbery conviction qualified him as an armed career offender, *See, Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009); *see also*, *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). Petitioner's request rests on his claim that because his rights were restored with respect to 1967 armed robbery in Missouri, he did not have three qualifying convictions which warranted his status as an armed career offender.

      The Court notes that this is not the first time Petitioner has asserted this claim, nor is it the first time he has raised it in this Court. *See, Boyd v. United*

States, No. 00-985-SNL (E.D. Mo) (denial of § 2255 petition with subsequent denial of certificate of appealability); *Boyd v. Sherrod*, WL 4619804, No.98-598-JPG (S.D. Ill. Oct. 17, 2008) (Denial of petition under §2241); *Boyd v. Cross*, WL 338744, No. 10-719-DRH (S.D. Ill. Jan. 31, 2011) (denial of §2241 on the grounds that petitioner was not claiming "that he is actually innocent of the crime for which he was sentenced" *Id.* at *2).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts; *Narvaez*; *See also, United States v. Wyatt*, 672 F.3d 519 (7th Cir. 2012).

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other

**IT IS SO ORDERED.**

Signed this 9th day of September, 2012.

David R. Herndon
2012.09.09
08:46:51 -05'00'

**Chief Judge
United States District Judge**