IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE E. BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-733-DRH-DGW |
| ) | |
| JAMES CROSS, JR., ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Willie E. Boyd, on June 25, 2012 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

The following facts are undisputed. Petitioner, Willie E. Boyd, was sentenced on October 2, 1998 in the Eastern District of Missouri to 276 months of imprisonment, followed by 72 months of supervised release, for various felonies including possession with the intent to distribute cocaine. (Respondent's Ex. B). This sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §921(e)(1) (a)(20), because of a 1967 conviction for (the violent felony of) armed robbery. Since Petitioner's conviction, he has filed numerous

post-conviction petitions/collateral attacks challenging the enhancement of his sentence based on the 1967 conviction.  Petitioner has argued (and does argue in the pending Petition) that because his civil rights were restored pursuant to state statute, the 1967 conviction should not have been used to enhance his sentence.  *See* 18 U.S.C. § 921(a)(20) (providing that "any conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of" the ACCA).  To support his arguments, Petitioner has relied almost exclusively on the Supreme Court case of *Logan v. United States*, 552 U.S. 23 (2007), in which the Court defined and explained the meaning of § 921(a)(20).

      Petitioner has made this argument in at least five petitions pursuant to 28 U.S.C. § 2241 and in various motions in his underlying criminal case.  It is unnecessary for this Court to repeat those arguments and resultant orders because Respondent has thoroughly outlined Petitioner's litigation history with respect to this claim.  There are a few notable decisions, however, that warrant highlighting.  On April 25, 2012, District Judge E. Richard Webber (EDMO) issued an Order in Petitioner's underlying criminal case.  (Resp. Ex. K).  After outlining Petitioner's filings in his criminal case and noting that Petitioner appears "undeterred" by adverse rulings, Judge Webber ordered the Clerk's Office to "no longer accept filings from" Petitioner in either his criminal case or his collateral civil case filed in the Eastern District of Missouri.

      In this District, Petitioner made the same claim, that he asserts in the present Petition, in a case captioned *Willie E. Boyd v. A. W. Sherrod*, 3:08-cv-598-JPG.  In that case, District Judge J. Phil Gilbert summarily dismissed the petition noting that a motion pursuant to 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of his detention and that, in fact, he had raised the claim in such a motion before the Eastern District of Missouri. (*Id.* Doc. 4).  In affirming

Judge Gilbert's decision, the Seventh Circuit Court of Appeals stated: "In any event, *Logan*, does not aid Boyd."   (*Id.* Doc. 20).

In another case filed in this District, *Willie E. Boyd v. James Cross*, 3:10-cv-719-DRH, Petitioner again made the same argument that resulted in the same dismissal order.   In that case, the petition was summarily dismissed by Chief United State District Judge David R. Herndon on January 28, 2011 as an improperly filed § 2241 Petition.   (*Id.* Doc. 21).   In so doing, Chief Judge Herndon found that § 2241 cannot provide Petitioner relief because a motion pursuant to 28 U.S.C. § 2255 was not an inadequate remedy for his claim.   That decision was affirmed on appeal with the Seventh Circuit Court of Appeals repeating that Petitioner cannot benefit from *Logan* and stating that:

> Boyd raises the same argument he made in his last lawsuit.   Law of the case applies and it bars his argument here. . . .
> Also, this is Boyd's fifth frivolous § 2241 petition, so we warn him that this court is empowered to find litigants for the submission of frivolous papers to the court. (*Id.* Doc. 40).

In the present Petition, Petitioner again raises the same argument that has twice been rejected by this Court and the Seventh Circuit Court of Appeals.   In an apparent effort to skirt the preclusive effect of prior decisions, Petitioner argues that a change in the law allows him to file another § 2241 Petition.

### CONCLUSIONS OF LAW

Petitioner claims that two recent decisions, *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012) and *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010), get his foot in the § 2241 door and would allow this Court to consider his claim based on *Logan v. United States*, 552 U.S. 23 (2007).   Petitioner is mistaken.   As pointed out by this Court on two separate occasions, § 2255 is not

inadequate or ineffective to test the legality of his detention. Indeed, Petitioner has raised such a claim with the sentencing Court on numerous occasions: that he was unsuccessful is irrelevant. More importantly, even if *Brown*[1] and *Welch*,[2] would require this Court to entertain Petitioner's § 2241 Petition, the Seventh Circuit Court of Appeals has twice indicated that *Logan* is of no help to Petitioner.

To be clear, Petitioner's reliance of *Logan* for relief is misplaced: *Logan* did not set forth a new statutory interpretation that would render the sentencing Court's reliance on his 1967 burglary conviction infirm. *Logan* did not create any new law that would be relevant to Petitioner's claim. The statute that applies to Petitioner's sentence, 18 U.S.C.§ 921(a)(20), was not altered by the Supreme Court as it would apply to Petitioner.[3] Therefore, even if Petitioner properly filed this § 2241 Petition, he is not entitled to any relief. Petitioner should have, could have, and did raise a claim that his sentence should not have been enhanced based on the 1967

---

[1] In this case, the Seventh Circuit Court of Appeals held that Petitioner could seek relief pursuant to § 2241 for a sentencing error related to the ACCA and highlighted by *Begay v. United States*, 553 U.S. 137 (2008); *See also Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). In so finding, however, the Court stated that "we needn't pursue the issue whether or what sentencing errors can be corrected in a habeas corpus proceeding further in this case, in view of the government's concession" that Petitioner may utilize § 2241 to challenge an aspect of his sentence. *Brown*, 696 F.3d at 641. No such concession has been made in this case. And, *Logan*, the case relied on by Petitioner, does not set forth a new statutory interpretation that would aid Petitioner.

[2] In this case, the Seventh Circuit held that the rule in *Begay* applied retroactively on collateral review. In doing so, the Court stated that sentencing errors can be considered on collateral review and not just on direct review. *Welch*, 604 F.3d at 412. The Court did not consider whether such a claim could be raised in a § 2241 petition and therefore has no applicability to the case at bar.

3 There has been no showing that the language contained in § 921(a)(20) has been altered in any significant manner during the pendency of Petitioner's criminal sentence. *See Caron v. United States*, 524 U.S. 308 312-313 (1998) (noting that the code section was amended in 1986 to include the language currently in effect). It is this code section itself that Petitioner really relies on for relief, not the Supreme Court's holding in *Logan*.

conviction because it does not comport with the definition contained in § 921(a)(20).  That previous courts have rejected such a claim does not mean that Petitioner may continue to barrage the courts of this district with a never-ending stream of § 2241 Petitions.

**RECOMMENDATIONS**

For the foregoing reasons, it is **RECOMMENDED** that the Petition be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 9, 2013**

                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**